UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Paul Leslie Cox, # 75206, | ) C/A No. 8:13-2828-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Veterans Affairs, | ) **of** |
| Defendant. | ) **Magistrate Judge** |

## BACKGROUND OF THIS CASE

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against "VETRANS AFFAIRS," which this Court is construing to mean the Department of Veterans Affairs.

On page 2 of the Complaint, Plaintiff states that this case concerns money owed to him by the "VA[.]" [Doc. 1 at 2]. The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that Plaintiff believes that he is entitled to veterans' benefits from 1975 to January 3, 1977:

> I WENT TO SCHOOL IN PRISON FROM 1975 TO 1-3-77 AND I DID NOT GET MY VA CHECKS FOR GOING TO SCHOOL OFF MY FATHER
>
> GEORGE FURMAN COX, KORAN [*sic*] WAR, DIED 8-1-60

NOR MY STEP-FATHER, LARRY GENE DEATON, DIED 1967 OR 1968, FORT BRAGG, NC...

[*Id.* at 3]. In his prayer for relief, Plaintiff seeks what is owed to him by the "VA" with interest and attorney's fees [*Id.* at 4].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554

(D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983 or *Bivens* Doctrine**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982).  *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*.  *See Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights.  A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

**Department of Veterans Affairs Immune from Suit**

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Moreover, a *Bivens* action may not be brought against the United States and other federal governmental agencies or entities, such as the Department of Veterans Affairs. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

**This Court lacks jurisdiction over claims for veterans' benefits**

The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), provides benefit recipients with the exclusive means for appealing the benefit decisions of the Veterans Administration. Under the VJRA, claims for benefits must first be processed administratively under 38 U.S.C. § 7101 through § 7112. *See* 38 C.F.R. § 20.200 (Westlaw 2013). Review of the final agency decision must be sought first in the United States Court of Appeals for Veterans' Claims, and thereafter in the United States Court of Appeals for the Federal Circuit and the United States Supreme Court under 38 U.S.C. § 7291 and § 7292.

This Court lacks subject matter jurisdiction to review benefits determinations by the VA. *See* 38 U.S.C. § 511. The Supreme Court has long held that § 511 and its predecessor, 38 U.S.C. § 211, preclude direct judicial review of individual benefits claims by federal district courts. *See Johnson v. Robison*, 415 U.S. 361, 367–68 (1974); and *Hannah v. U.S. Air Force*, Civil Action No. 3:08-3889-JFA-JRM, 2010 WL 128290, at *3

(D.S.C. Jan. 13, 2010) (collecting cases); *see also Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995).

**Plaintiff is "struck out."**

Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A federal court may take judicial notice of its own records. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). It can be judicially noticed that Plaintiff has filed three prior cases in this Court, which have been dismissed *with prejudice*, as frivolous, and deemed "strikes" under § 1915(g). *See Cox v. U.S. Att'y Gen., et al.*, Civil Action No. 3:12-591-TMC, 2012 WL 1570093 (D.S.C. May 3, 2012); *Cox v. S.C. Dep't of Corr. Dir. Jon E. Ozmint, et al.*, Civil Action No. 3:12-225-TMC, 2012 WL 1415149 (D.S.C. Apr. 24, 2012); and *Cox v. United States*, Civil Action No. 3:12-50-TMC, 2012 WL 1158861 (D.S.C. Apr. 9, 2012). In light of these "strikes" imposed in 2012, Plaintiff cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. See 28 U.S.C. § 1915(g); and *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

Moreover, the Court of Appeals has held that the "three strikes" provision of the Prison Litigation Reform Act is applicable with respect to "strikes" entered after its enactment on April 26, 1996. *See Altizer v. Deeds*, 191 F.3d 540, 545–47 (4th Cir. 1999); and *Cox v. United States*, Civil Action No. 3:12-52-TMC-JRM, 2012 WL 1570081, at *2 (D.S.C. Mar. 28, 2012) ("In this case, Plaintiff provides no facts to demonstrate that the three strikes rule was retroactively applied to any of his civil actions filed in federal court prior to the law's enactment. In addition, the enactment of the three strikes rule in no way increases Plaintiff's punishment for his current conviction. As such, Plaintiff's *ex post facto* argument is without merit and this case is subject to summary dismissal."), *adopted by* 2012 WL 1570075 (D.S.C. May 3, 2012), which was a prior case filed by Plaintiff. The Complaint in the above-captioned case does not fit within the exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury.

## RECOMMENDATION

It is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] be DENIED. It is further recommended that the Complaint be dismissed *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page**.

s/ Jacquelyn D. Austin
United States Magistrate Judge

October 21, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).